UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Maurice L. Bellamy, | ) | C/A No. 9:25-cv-01529-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| S.C. Attorney General, | ) | |
| The State of South Carolina, | ) | |
| The S.C. Dept of Corrections, | ) | |
| The S.C.D.C. General Counsel, | ) | |
| Bryan Stirling, | ) | |
| The S.C.D.C. Director of Medical, | ) | |
| Warden James, A.W. Smith, A.W. McDuffy, | ) | |
| Major Meeks, Sgt. Crowley, Nurse Miller, | ) | |
| Warden Stonebreaker, | ) | |
| The United States Congress, | ) | |
| The Catholic Arch Diocese and The Pope, | ) | |
| Mr. Lawrenz, The Well Path Center, | ) | |
| The 194 Member States of the United | ) | |
| Nations, The County of Richland SC, | ) | |
| The County of Kershaw, The County of | ) | |
| Horry, Adair F. Buroughs, The United States | ) | |
| Senate, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Maurice L. Bellamy, proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

This case was originally filed by Plaintiff, South Carolina Department of Corrections (SCDC) inmate Lawrence L. Crawford (Crawford), and two other plaintiffs in case number 9:24-cv-04660-BHH-MHC (24-4660). On March 10, 2025, the Court issued an Order (ECF No. 1) directing the Clerk of Court to terminate Plaintiff as a plaintiff in case number 24-4660, assign a

separate civil action number to Plaintiff,[1] and file the complaint in the first action as the Complaint in this action.[2] Although Plaintiff was an SCDC inmate at the time this case was originally filed, he has been released from prison. *See* ECF No. 29.

Plaintiff filed a notice of appeal in this case on May 28, 2025. ECF No. 12. This case was stayed pending the Fourt Circuit's consideration of the appeal. ECF No. 18. On February 4, 2026, the Fourth Circuit Court of Appeals issued a mandate dismissing Plaintiff's appeal. ECF No. 32.

**MOTION AT ECF NO. 23**

On August 6, 2025, Plaintiff filed a rambling 27-page Motion (Motion Requesting Various Relief) titled "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; NOTICE OF SUBSEQUENT NOTICE OF APPEAL AND MOTION TO REMAND; MOTION TO VACATE THE ORDER DOCUMENT NO. 36 FILED JULY 22, 2025 FOR FRAUD UPON THE COURT, DUE PROCESS VIOLATIONS, VIOLATION OF RIGHTS UNDER THE F.S.I.A. AND UNCONSTITUTIONAL ACTION, ALSO DUE TO VAGUENESS CHALLENGING THE S. C. DISTRICT COURT'S JURISDICTION TO ISSUE IT; MOTION TO RENEW THE MOTION FOR RECUSAL; MOTION TO SEEK ADDITIONAL FINDING PURSUANT TO RULE 52 AND 28 U.S.C. § 1602." ECF No. 23. In a letter filed with the Motion, Plaintiff asserts that he is "SEEKING TO TIMELY VACATE THE COURT'S RECENT ORDER FILED JULY 22, 2025[,] AND [IS] FILING SUBSEQUENT NOTICE TO APPEAL THAT ORDER AND HAVE THE CASE REMANDED BACK DOWN FOR ADDITIONAL CONCLUSIONS OF LAW UNDER RULE 52." ECF No. 23-1.

---

[1] The other two plaintiffs in case number 24-4660 were terminated as plaintiffs in that case and separate case numbers were assigned to each of those plaintiffs.
[2] Thus, Crawford is the sole plaintiff in case number 24-4660, and Plaintiff is the sole plaintiff in this case.

At the time Plaintiff filed his motion, there was no document number 36 in the present case. It appears Crawford authored the Motion and is referring to an Order at Doc. No. 36 in Crawford's case (24-04660). An appeal to the Fourth Circuit is pending in that case, and a stay is pending in the district court case. *See id.*, *see also Crawford v. S. C. Attorney General*, No. 25-6598 (4th Cir.). Thus, a ruling on the Motion as to case 24-04660 cannot be made by this Court at this time.

To the extent Plaintiff is referring to the Order entered in this case on July 22, 2025 (ECF No. 18), it is recommended that the Motion be denied. Plaintiff has provided no basis for the Order to be overturned as the Motion merely reiterates earlier arguments. Although additional findings are sought under 28 U.S.C. § 1602 and Rule 52 of the Federal Rules of Civil Procedure, these provisions are inapplicable to this case. Section 1602 is part of the Foreign Sovereign Immunities Act (FSIA). However, Plaintiff has alleged no facts to indicate that he is a foreign sovereign such that § 1602 is not applicable. *See e.g., Republic of Austria v. Altmann*, 541 U.S. 677, 697 (2004) (discussing claims by actual foreign states under the FSIA). Rule 52 of the Federal Rules of Civil Procedures pertains to findings and conclusions by the Court as to an action tried on the facts without a jury. This case is not in proper form and has not been served. There has been no trial, and no findings and conclusions have been made by this Court in this case. Thus, it is recommended that Plaintiff's Motion (ECF No. 23) be denied.

**<u>MOTION AT ECF NO. 24:</u>**

On August 6, 2025, Plaintiff filed a pleading titled "MOTION FOR A PRELIMINARY INJUNCTION; MOTION FOR AN EXTENSION OF TIME TO PLACE IN PROPER FORM ONCE COURT RULES ON MOTION FOR PRELMINARY INJUNCTION AND MOTION TO MOTION THERFOR." ECF No. 24. This Motion is signed by Crawford (who is not a party to this action) and is not signed by Plaintiff.

3

As noted in the Proper Form Order, "[a]ll documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting." ECF No. 4 at 3. Moreover, Rule 11 of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-- or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (further providing that the court "must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention").

Review of the Motion reveals that it contains allegations by Crawford about incidents that allegedly involve Crawford. There is no indication that the allegations involve Plaintiff. Moreover, the Motion should be denied because it is premature as service has not been authorized, Defendants have not been served, and Defendants have not answered or otherwise pleaded. "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Thus, it is recommended that Plaintiff's Motion (ECF No. 24) be denied.[3]

**MOTION AT ECF NO. 27:**

On September 2, 2025, Plaintiff filed a pleading titled "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; PETITION TO REMOVE PURSUANT TO 28 U.S.C. §§ 2679, 1602-1612 ET. SEQ. OF THE FOREIGN SOVEREIGN IMMUNITY ACT; MOTION TO INTERVENE IN THE ATTACHED HABEAS CORPUS PETITION AND MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO MOTION THEREOF" ECF No. 27. To the extent this is a motion for a preliminary injunction, it should be denied because it is premature. *See* Fed. R. Civ. P. 65(a)(1).

---

[3] To the extent Plaintiff is requesting additional time to bring his case into proper form, a Second Proper Form Order (ECF No. 34), that provides Plaintiff additional time to bring his case into proper form, has been entered.

Plaintiff appears to be requesting removal of Crawford's criminal case to this Court. Records from Kershaw County indicate that Crawford was convicted of murder on March 26, 2004. He was sentenced to life imprisonment without possibility of parole. On September 4, 2025, a motion that requested forensic DNA testing was filed. *See* Kershaw County Fifth Judicial Circuit Public Index, https://publicindex.sccourts.org/Kershaw/PublicIndex/PISearch.aspx search case number listed above] (last visited Feb. 13, 2026). Plaintiff, who is not a defendant in Crawford's criminal action, has no standing to remove Crawford's criminal case to this federal district court. *See* 28 U.S.C. § 1455(a) ("a **Defendant** or defendants desiring to remove any criminal prosecution from a State court…") (emphasis added). Crawford's criminal trial ended in 2004, such that any request to remove his criminal case is untimely. *See* 28 U.S.C. § 1455(b) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier[.]"). Additionally, habeas relief cannot be granted in a § 1983 case. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length or duration of confinement is within the core of habeas corpus).

Plaintiff also seeks to file the "CRAWFORD HABEAS CORPUS WITHIN ALL CASES CAPTIONED ABOVE…" ECF No. 27 at 2. However, Plaintiff has alleged no facts to indicate he has standing to do so. Additionally, he has not identified any federal rule or statute that would allow him (or Crawford) to file a state habeas case in federal district court cases. Plaintiff refers to 28 U.S.C. §§ 2679 and 28 U.S.C. §§ 1602-1612 of the FSIA. Section 2679, a part of the Federal Tort Claims Act, does not provide such a remedy. Additionally, there is no foreign state involved

in the present case and Plaintiff fails to allege any facts or provide anything to show that the FSIA applies to the relief he requests in his Motion or as to his underlying claims. Thus, Plaintiff's Motion (ECF No. 27) should be denied.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that Plaintiff's Motions Requesting Various Relief (ECF Nos. 23, 24, and 27) be **DENIED.**

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

February 17, 2026
Charleston, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).