IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Maurice L. Bellamy, )
)
Plaintiff, )
) Civil Action No. 9:25-cv-1529-BHH
v. )
) **ORDER**
S.C. Attorney General, The State of )
South Carolina, The S.C. Dept of )
Corrections, The S.C.D.C. General )
Counsel, Bryan Stirling, The S.C.D.C. )
Director of Medical, Warden James, )
A. W. Smith, A. W. McDuffy, Major )
Meeks, Sgt. Crowley, Nurse Miller, )
Warden Stonebreaker, The United )
States Congress, The Catholic Arch )
Diocese and The Pope, Mr. Lawrenz, )
The Well Path Center, The 194 )
Member States of the United Nations, )
The County of Richland, SC, The )
County of Kershaw, The County of )
Horry, Adair F. Buroughs, The United )
States Senate, )
)
Defendant. )
_____ )

This matter is before the Court upon Plaintiff Maurice L. Bellamy's ("Plaintiff") *pro se*

complaint.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C.,

the matter was referred to a United States Magistrate Judge for preliminary review.

On February 17, 2026, the Magistrate Judge issued a report and recommendation

("Report"), outlining the procedural history of this case and considering the various motions

filed by Plaintiff.  (ECF No. 35.)  After reviewing various pleadings, the Magistrate Judge

---

[1] As the Magistrate Judge explained in her Report, the complaint was originally filed by Plaintiff and three other inmates as a single action in case number 9:24-cv-4660-BHH-MHC, but on March 10, 2025, the Court directed that the complaint be filed in four separate actions.  (*See* ECF No. 35 at 3.)

recommended that the Court deny all of Plaintiff's motions requesting various relief. (*See id.* at 2-7.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 35), and the Court denies all of Plaintiff's motions requesting various relief (ECF Nos. 23, 24, and 27).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 9. 2026
Charleston, South Carolina